CASE 63—PETITION ORDINARY—DECEMBER 14.

# Dean vs. Garnett.

### APPEAL FROM CARROLL CIRCUIT COURT.

The plaintiff's attorney withdrew from the sheriff, with his consent, an order of attachment on which the sheriff had merely indorsed the time it came to hand. On a supplemental affidavit, the clerk reissued the same order of attachment, having erased therefrom the indorsement, and under that order the sheriff seized the defendant's property. *Held*—That the order and levy were valid.

[This case was decided December 14, 1863, and the opinion, then delivered and ordered to be published, was mislaid.]

HARLAN & HARLAN for appellant.

SIMPSON & SCOTT on same side.

W. B. WINSLOW for appellee.

CHIEF JUSTICE DUVALL DELIVERED THE OPINION OF THE COURT:

That the petition in this case was sufficient, and that the judgment in favor of the appellee for the amount of the bill sued on was proper, admits of no serious question. Nor did the court err, in our opinion, in sustaining the attachment.

It appears that the affidavit of the plaintiff was filed, and the order of attachment issued thereon, before 12 o'clock on the 15th, and that the sheriff made his official indorsement on

the order of attachment to the effect that it " came to hand 12 o'clock, M.," &c. Soon afterwards the plaintiff's attorney, discovering that the affidavit was insufficient, went to the sheriff and withdrew the attachment. On the same evening, about six o'clock, the attorney filed an affidavit, and returned to the clerk the attachment which had been withdrawn from the sheriff. The clerk, instead of writing out or filling up another order of attachment after the filing of the second affidavit, struck out the indorsement on the one that had been withdrawn from the sheriff, and handed that back to the attorney, who placed it in the hands of the sheriff. The sheriff received it and made on it his official indorsement to the effect that it " came to hand March 15th, 1860, at six o'clock, P. M." Under that order of attachment the appellant's property was seized.

The right of the plaintiff, by his attorney, to withdraw the order of attachment from the hands of the sheriff (the latter consenting), is clear. And not less clear was the right of the plaintiff, or his attorney in his absence from the county, to file the supplemental affidavit (*Allen vs. Brown, Summer Term*, 1863), especially as there was no intervening attachment to be affected by the amendment. There was then a valid and sufficient affidavit, a valid and sufficient bond. Did the order of attachment which was placed in the hands of the sheriff at the time and in the manner stated, confer upon that officer a valid authority to seize the property of the appellant? We think it did. It was treated by the party, by the clerk, and by the sheriff, as the order which issued on the supplemental affidavit. In point of fact, it was so *issued* by the clerk, and is entitled to the same effect as if it had been written and signed at that time. It would be extremely technical to hold that this process was invalid, but that the same words and figures written on a different piece of paper would have constituted a valid process. Besides, no possible injury resulted, or could have resulted to the appellant, from the manner in which the order was issued. The sheriff might have erased the indorsement, and the erasure by the clerk was immaterial and furnished no ground of complaint on the part of the appellant. The act was recognized and sanctioned by the only person

who could have had any right to object.    This act was no violation of the sanctity due to *records*, and contravened **no** principle of public policy.

We think the evidence was entirely sufficient to sustain the judgment, and it is therefore affirmed.